**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMRICK SINGH, | No. 12-73623 |
| Petitioner, | Agency No. A089-697-257 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014**

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Amrick Singh, a native and citizen of India, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant the petition for review and we remand.

Singh stated his father and cousin were Shiromani Akali Dal party members and that he supported Shiromani Akali Dal. Singh was arrested, detained, and tortured two times by Punjab police because of his and his family's support for Shiromani Akali Dal, and because police wrongly suspected Singh and his family members had ties with militants. Singh also stated Goa police inquired about him at work after Singh's cousin visited him in Goa. Following Singh's departure from India, Calcutta and Punjab police arrested and beat Singh's uncle in Calcutta for helping Singh exit the country, and inquired about Singh's whereabouts.

Substantial evidence does not support the agency's finding that Singh failed to demonstrate past persecution or a fear of future persecution on account of a protected ground. *See Singh v. Ashcroft*, 362 F.3d 1164, 1170 (9th Cir. 2004) ("[i]f Singh was actually subjected to beatings and torture at the hands of the Indian police for his believed association with militant Sikh separatists, he is presumptively eligible for asylum"); *see also Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir. 1995) ("If there is no evidence of a legitimate prosecutorial purpose for a government's harassment of a person . . . there arises a presumption that the motive

for harassment is political") (internal quotation marks and citation omitted), *superseded by statute on other grounds as stated by Parussimova v. Mukasey*, 555 F.3d 734, 739-40 (9th Cir. 2009).

Moreover, in denying Singh's CAT claim, the agency failed to consider all the evidence in the record, including Singh's past mistreatment and his country conditions evidence. *See Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) ("the BIA must consider all evidence in deciding whether it is more likely than not that the alien would face future torture, but the existence of past torture is ordinarily the principal factor on which we rely") (internal citation and quotation marks omitted).

Accordingly, we grant the petition for review and we remand this case to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**